UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

SERGIO DIAZ, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

TROPIC OIL COMPANY, a Florida Corporation,
HIGHLANDS OIL COMPANY, INC., a Florida Corporation,
PARKLAND FUEL CORPORATION, a Canadian Corporation,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, SERGIO DIAZ (hereinafter referred to as "Plaintiff" and "DIAZ"), is an individual residing in Miami-Dade County, Florida.

2. At all times material to this Complaint, Defendant, TROPIC OIL COMPANY (hereinafter referred to as "TROPIC OIL"), a Florida Corporation, had its headquarters at 10002 N.W. 89th Avenue, Miami, Florida 33178-1409 in Miami-Dade County, within the jurisdiction of this Court, and transported, distributed, and marketed a range of fuels, lubricants, and equipment to the marine, automotive, trucking and aviation industries while operating and supplying nine (9) cardlock facilities, three (3) bulk storage plants, 200,000 square feet of warehouse space, two (2) dedicated rail spurs, and Eight (80) trucks throughout South and Central Florida.

3. In or around July 2018, TROPIC OIL COMPANY acquired HIGHLANDS OIL COMPANY, INC., a Florida Corporation, and in or around September 2019, TROPIC OIL COMPANY was acquired by PARKLAND FUEL CORPORATION, a Canadian Corporation, through which PARKLAND FUEL CORPORATION's United States subsidiary known as

"PARKLAND USA" has been operating TROPIC OIL since approximately October 2019.

4.      At all times material to this Complaint, Defendants, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION, directly or indirectly, acted in the interest of an employer toward Plaintiff and the other similarly situated employees, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the other employees similarly situated to him. Alternately, Defendants, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff and the other similarly situated employees because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff and the others similarly situated to him. As a second alternative, Defendants, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and the other similarly situated employees because Defendants are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the others similarly situated to him. As a final alternative, Defendants, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and the other similarly situated employees at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the others similarly situated to him.

5. DIAZ was an employee of Defendants and brings this action on behalf of himself[1] and other current and former Drivers similarly situated to Plaintiff for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), as well as for alleged Retaliation against Plaintiff in violation of the Florida Whistleblower Act, F.S. §448.102 *et seq.* It is the intent of this collective action to apply to all similarly situated non-exempt Drivers of Defendants, however variously titled, regardless of location.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §216(b), 29 U.S.C. §1337 & §1367(a).

7. A substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

8. In approximately March 2018, HIGHLANDS OIL COMPANY, INC. hired DIAZ as a Tank Wagon Truck Driver on an hourly basis at the regular rate of $18.00 per hour.

9. Between approximately April 2018 and mid-April 2019, DIAZ frequently worked in excess of Forty (40) hours per week as a Tank Wagon Truck Driver for Defendants by Plaintiff driving local fuel delivery routes which routes were less than One Hundred (100) miles from Defendants' truck yard at 10002 N.W. 89th Avenue, Miami, Florida 33178-1409, with Plaintiff also occasionally driving a route from Miami to Stuart which was more than 100 mile from Defendants' Miami yard.

10. At all times material to this Complaint including but not necessarily limited to during the years 2016, 2017, 2018, and 2019, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION each had two (2) or more

---

[1] Attached hereto is a signed Consent to Join from SERGIO DIAZ.

employees who regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including but not necessarily limited to the years 2015, 2016, 2017, and 2018, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION employed two (2) or more employees who, *inter alia*:  (a) regularly handled and worked on tanker trucks that were goods and/or materials moved in or produced for commerce; (b) regularly handled, worked with, and/or sold fuel which constituted goods and/or materials moved in or produced for commerce; (c) handled and worked with office equipment such as copiers, , faxes, computers and telephones, as well as supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce; and (d) regularly processed electronic bank transactions for payments by and for Defendants' customers through banks and merchant services companies processing payments between Florida and other States.

11. Based upon information and belief, the annual gross sales volume of TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years  2016, 2017, 2018, and 2019.

12. At all times material to this Complaint including but not necessarily limited to during the years  2016, 2017, 2018, and 2019, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION have been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

13. During multiple work weeks between approximately April 2018 and mid-April 2019, DIAZ regularly worked five (5) to six (6) days per week for Defendants with a start time of anywhere between approximately 3:30-5:00 a.m. and stop times between approximately 6:00-7:00 p.m., regularly working in excess of Forty (40) hours per week.

14. However, Defendants failed to pay time and one-half wages for all of the hours DIAZ worked in excess of Forty (40) hours per week for Defendants between approximately April 2018 and mid-April 2019 because Defendants automatically deducted Thirty (30) minutes per day for a meal break despite Plaintiff not taking an uninterrupted, bona fide 30-minute meal break each day.[2]

15. Likewise, based upon information and belief, Defendants also failed to pay time and one-half wages for all of the hours worked by Defendants' other Drivers, however variously titled, in one or more weeks within the three (3) year statute of limitations period between January 2017 and mid-April 2019.

16. The additional persons who may become Plaintiffs in this action are Defendants' current and former Drivers, however variously titled, who have worked for Defendants at any location during the three (3) year statute of limitations period between approximately January 2017 and mid-April 2019 without being paid time and one-half wages for all of their hours worked in excess of Forty (40) hours per week as a result of Defendants' automatic Thirty (30) minute meal break deduction policy/practice and/or failing to credit Drivers for the full extent of their actual overtime hours worked for the benefit of Defendants.

---

[2] Based upon information and belief, in approximately mid-April 2019, Defendants ceased their automatic thirty (30) minute meal break deduction practice.

17. Based upon information and belief, records reflecting and/or relating to at least some of the start times, stop times, number of hours worked each day, and total number of hours worked each week by Plaintiff and the other similarly situated Drivers for Defendants between approximately January 2017 and mid-April 2019 are in the possession, custody, and/or control of Defendants.

18. Despite Defendants having knowledge of the overtime hours worked each week by Plaintiff and the other similarly situated Drivers, however variously titled, for the benefit of Defendants between approximately January 2017 and mid-April 2019, Defendants nonetheless willfully failed to pay time and one-half wages for all overtime hours worked as required by the FLSA.

19. Based upon information and belief, the complete records of the actual wages paid each week by Defendants to Plaintiff and the other similarly situated Drivers, however variously titled, between January 2017 and the present are in the possession, custody, and/or control of Defendants.

20. In approximately May 2019, DIAZ suffered a workplace injury to his Right shoulder while in the course and scope of Plaintiff's employment with Defendants.

21. As a result of DIAZ's workplace injury, Defendants assigned Plaintiff in approximately July 2019 work in a light duty position at Defendants' warehouse as a "safety monitor."

22. Between approximately July 2019 and October 2019, DIAZ's supervisor, David Gurney, TROPIC OIL's Vice-President of Operations, subjected Plaintiff to repeated threats and intimidation on virtually a weekly basis culminating on or around October 23, 2019 with Gurney losing his temper and not only screaming at DIAZ to get out of Gurney's office but Gurney

violently slamming his fist on his desk while Gurney commanded Plaintiff to immediately leave the office.[3]

23.     On or around October 24, 2019, DIAZ submitted an internal complaint to Defendants' management, including but not limited to TROPIC OIL's (a) President, Stephen Gorey; (b) Payroll & HR Administrator, Lindy Rodriguez; and (c) Director of Operations, Kevin Willcox, about Gurney's unlawful harassment and threatening behavior.

24.     Instead of taking remedial action to address Gurney's misconduct and threats against DIAZ, on the afternoon of October 24, 2019, Defendants unlawfully terminated DIAZ's employment for pretextual reasons and in Retaliation against Plaintiff in violation of the express protections of the Florida Whistleblower Act, F.S. §448.102 ("FWA") and Florida's Workers' Compensation law, F.S. §440.205, because of Plaintiff's workers' compensation injury and Plaintiff's opposition to the unsafe work conditions and harassment which DIAZ in good faith believed were illegal practices of Defendants.

25.     On November 12, 2019, Plaintiff's Counsel sent Defendants pre-suit notice of his claims in this case through written correspondence sent via e-mail and delivered via FedEx on November 13, 2019 to TROPIC OIL's President, Stephen Gorey, at 10002 N.W. 89th Avenue, Miami, Florida 33178-1409.

---

[3] Plaintiff reported to Gurney's office on the afternoon of October 23, 2019 because Gurney had previously instructed Plaintiff to report directly to Gurney's office each morning and each afternoon in a meeting with Lindy Rodriguez, TROPIC OIL's Payroll & HR Administrator, and Orlando Roche, TROPIC OIL's Plant Director.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, SERGIO DIAZ, readopts and realleges the allegations contained in Paragraphs 1 through 25 above.

26.     DIAZ is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately April 2018 and mid-April 2019.

27.     Subject to discovery of the complete time and compensation records in Defendants' possession, DIAZ estimates he is owed an average of approximately Two and One-Half (2.5) unpaid overtime hours per week from Defendants during a total of approximately Forty-Five (45) work weeks between approximately April 2018 and mid-April 2019 at the time and one-half rate of $27.00/hour [$18.00/hour x 1.5 = $27.00/hour] totaling approximately **$3,037.50** [2.5 Unpaid OT hours/week x $27.00/hour x 45 weeks = $3,037.50].

28.     All similarly situated Drivers, however variously titled, of Defendants at any locations are entitled to be paid time and one-half of their applicable regular rates of pay for each hour they worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately January 2017 and mid-April 2019 but were not paid as a result of Defendants' automatic Thirty (30) minute meal break deduction policy/practice and/or failing to credit Drivers for the full extent of their actual overtime hours worked for the benefit of Defendants.

29.     Defendants knowingly and willfully failed to pay DIAZ and the other Drivers similarly situated to him at time and one-half of his applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week between approximately January 2017 and mid-April 2019.

30. At all times material to this Complaint, Defendants had constructive knowledge and/or actual notice that Defendants' compensation practices did not provide DIAZ and the other similarly situated Drivers, however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately January 2017 and mid-April 2019 based upon, *inter alia*: (a) Defendants' practice of automatically deducting Thirty (30) minutes per day for a meal break regardless of whether a Driver took a bona fide, uninterrupted 30-minute break and/or failing to credit employees for the full extent of their overtime hours worked for the benefit of Defendants; and (b) Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week.

31. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

32. Defendants did not have a good faith basis for their failure to pay all of the overtime wages required by the FLSA for the full extent of the actual hours worked by DIAZ and Defendants' other Drivers, however variously titled, in excess of Forty (40) hours per week in the work weeks between approximately January 2017 and mid-April 2019, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendants in an amount equal to his unpaid overtime wages from Defendants pursuant to 29 U.S.C. §216(b).

33. DIAZ has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

WHEREFORE, Plaintiff, SERGIO DIAZ, and any current or former employees similarly

situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION, for the payment of all unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## VIOLATIONS OF FLORIDA'S WHISTLEBLOWER ACT, F.S. §448.102

Plaintiff, SERGIO DIAZ, readopts and realleges the allegations contained in Paragraphs 1 through 25 above.

34.   At all times material to this Complaint between approximately March 2018 and October 2019, DIAZ was an employee of TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION within the meaning of F.S. §448.101(2).

35.   At all times material to this Complaint, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION have been engaged in an industry affecting commerce and have had Ten (10) or more employees for each working day in each of Twenty (20) or more weeks in the current or preceding calendar year.

36.   At all times material to this Complaint, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION constituted an employer and/or joint employer of DIAZ within the meaning of F.S. §448.101(3).

37.   Under Florida's Whistleblower Act, F.S. §448.102, an employer <u>may not</u> take any retaliatory personnel action against an employee because the employee has:

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or

regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

38. When DIAZ objected to David Gurney's repeated threats and intimidated between approximately July 2019 and October 2019, and when DIAZ complained in good faith to Defendants' management on or around October 24, 2019 about Gurney's threats, harassment, and violent behavior towards Plaintiff because DIAZ reasonably feared for his safety—after DIAZ had earlier reported his May 2019 workplace injury and then sought medical treatment for Plaintiff's workplace injury between May 2019 and October 2019—DIAZ engaged in protected activity within the meaning of Florida's Whistleblower Act, F.S. §448.102(3).

39. Defendants subjected DIAZ to "retaliatory personnel action" within the meaning of the Florida Whistleblower Act, F.S. §448.101(5), because of Plaintiff's opposition to and complaints about David Gurney's threats, intimidation, and violent behavior, including but not necessarily limited to Defendants' terminating DIAZ's employment on October 24, 2019, in violation of F.S. §448.102(3).

40. Defendants' termination of DIAZ's employment on October 24, 2019 was undertaken in intentional retaliation against DIAZ because Plaintiff engaged in protected activity by complaining about and objecting to Gurney's threats, intimidation, and violent behavior, in violation of F.S. §448.102(3).

41. DIAZ in good faith believed that (a) David Gurney's threats, intimidation, and violent behavior towards Plaintiff created an unsafe work environment in which Plaintiff reasonably feared for his safety (b) the unsafe work environment and retaliation by Gurney against DIAZ because Plaintiff suffered a workplace injury in May 2019 were a violation of one or more "laws, rules, or regulations" within the meaning of the Florida Whistleblower Act, F.S. §448.101(4).

42. One or more "laws, rules, or regulations" within the meaning of the Florida Whistleblower Act, F.S. §448.101(4), which were applicable to Defendants and pertained to Defendants' business between May 2019 and October 2019 which DIAZ reasonably and in good faith believed Defendants were violating when Plaintiff complained to Defendants' management in October 2019 include(s) but were not necessarily limited to: (a) Florida Statutes F.S. §440.205, Coercion of Employees; and (b) 29 U.S.C. §654, the General Duty Clause of the Occupational Safety and Health Act (OSHA).

43. The fact that DIAZ engaged in activity protected by the Florida Whistleblower Act between approximately May 2019 and October 2019 was a motivating factor in Defendants' "retaliatory personnel action" against DIAZ and the termination of Plaintiff's employment on October 24, 2019, in violation of F.S. §448.102(3).

44. DIAZ has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of Defendants' violations of F.S. §448.102.

45. Pursuant to F.S. §448.104, DIAZ is entitled to recover from Defendants his reasonable attorneys' fees and costs as a result of Defendants' violations of Florida's Whistleblower Act.

WHEREFORE, Plaintiff, SERGIO DIAZ, demands judgment against Defendants, jointly and severally, TROPIC OIL COMPANY, HIGHLANDS OIL COMPANY, INC., and PARKLAND FUEL CORPORATION, for back pay, employment benefits and other compensation including bonuses, compensatory damages, emotional distress, equitable relief, including, but not limited to, reinstatement or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  December 27, 2019					Respectfully submitted,

							By:	**KEITH M. STERN**
								Keith M. Stern, Esquire
								Florida Bar No. 321000
								E-mail:  employlaw@keithstern.com
								LAW OFFICE OF KEITH M. STERN, P.A.
								80 S.W. 8th Street, Suite 2000
								Miami, Florida 33130
								Telephone:  (305) 901-1379
								Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Tropic Oil Company, Highlands Oil Company, Inc., and Parkland Fuel Corporation**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq*.

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Sergio Diaz*
Sergio Diaz (Dec 27, 2019)

**Sergio Diaz**