UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-25302-Civ-Scola

SERGIO DIAZ, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

TROPIC OIL COMPANY, a Florida Corporation,
HIGHLANDS OIL COMPANY, INC., a Florida Corporation,
PARKLAND FUEL CORPORATION, a Canadian Corporation,

    Defendants.

_____/

## FAIR LABOR STANDARDS ACT (FLSA) SETTLEMENT AGREEMENT

Sergio Diaz and his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this FLSA Agreement as "Diaz"), and Tropic Oil Company, Highlands Oil Company, Inc., and Parkland Fuel Corporation (collectively referred to as "Defendants") (together, "Parties"), agree that:

WHEREAS, Diaz claims that he is owed alleged unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA") and filed an action in the United States District Court for the Southern District of Florida, styled *Sergio Diaz v. Tropic Oil Company et al.*, Case No. 19-25302-Civ-Scola ("the Action");

WHEREAS, Defendants dispute Diaz is owed any overtime wages or other recovery; and

WHEREAS, the Parties have agreed to resolve Diaz's FLSA claims between them amicably and expeditiously and avoid the costs and risks relating to litigation of the Action;

NOW, THEREFORE, intending to be legally bound and in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by entering into this FLSA Settlement Agreement and Release (the "FLSA Agreement"), it is hereby

STIPULATED AND AGREED by and between the Parties that Diaz's FLSA claims are resolved as follows:

SPDN-868764429-2720965

1. **Consideration.** In consideration for Diaz signing this FLSA Agreement, and complying with its terms, Defendants agree to pay to six thousand five hundred dollars and zero cents ($6,500.00) as follows:

   a. one check made payable to Sergio Diaz in the amount of One Thousand Five Hundred Dollars and Zero cents ($1,500.00) less applicable tax withholdings, as consideration for alleged unpaid overtime wages under the FLSA, for which a Form W-2 will be issued;

   b. one check made payable to Sergio Diaz in the amount of One Thousand Five Hundred Dollars and Zero cents ($1,500.00), as consideration for alleged liquidated damages under the FLSA, for which a Form 1099 will be issued; and

   c. one check made payable to the Law Office of Keith M. Stern, P.A., in the amount of Three Thousand Five Hundred Dollars and Zero cents ($3,500.00), as consideration for attorneys' fees and costs, for which a Form 1099 will be issued.

The payments described above shall be delivered to the Law Office of Keith M. Stern, P.A., within seven (7) days after the last of the following have occurred: (1) counsel for Defendants receives this FLSA Agreement with Diaz's signature; (2) counsel for Defendants receives a fully completed and signed IRS form W-4 from Diaz and an IRS form W-9 from Diaz's counsel; (3) Diaz and Defendants file a Joint Motion for Approval of this FLSA Agreement and Stipulation for Dismissal of the Entire Action with Prejudice; and (4) counsel for Defendants receives the Court's Order approving this FLSA Agreement and dismissing the Action with prejudice.

The sums detailed above are in full and final settlement and resolution of any and all FLSA claims which Diaz had, has, or may have against Defendants as of the date of the execution of this FLSA Agreement.

2. **Tax Responsibility.** Other than Defendants' responsibility to remit to the government the tax withholdings being taken from the payment under Section 1(a) above, Diaz agrees that he will be exclusively responsible for the payment of any taxes owed on any amounts paid to him under the terms of this FLSA Agreement. Defendants make no representation as to the taxability of the amounts paid to Diaz or his counsel. Diaz agrees to pay his portion of federal, state or local taxes, if any, which are required to be paid with respect to this FLSA Agreement and Defendants agree to pay all of its tax contributions due in connection with the payment under Section 1(a) above. Moreover, Diaz agrees to indemnify Defendants and hold Defendants harmless from any interest, taxes, or penalties assessed against it by any governmental agency as the result of the non-payment of taxes on any amounts paid to his counsel under this FLSA Agreement.

SPDN-868764429-2720965

3. **No Consideration Absent Execution of this FLSA Agreement.** Diaz understands and agrees that he would not receive the monies and/or benefits specified in Section 1 above, except for his execution of this FLSA Agreement and the fulfillment of the promises contained herein.

4. **Release of All Compensation-Related Claims under the FLSA.** Diaz knowingly and voluntarily releases and forever discharges Defendants and their executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and current and former employees, attorneys, officers, directors, board members, shareholders, owners and agents, both individually and in their business capacities, and their employee benefit plans and programs and administrators and fiduciaries (collectively referred to throughout the remainder of this FLSA Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Diaz had, has, or may have against Releasees as of the date of execution of this FLSA Agreement, for alleged violations of the FLSA.

5. **Acknowledgments and Affirmations.**

Diaz affirms that he is aware of his obligations to make any tax payments and forward payment to the Internal Revenue Service.

Defendants and Diaz affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this FLSA Agreement.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this FLSA Agreement nor the furnishing of the consideration for this FLSA Agreement shall be deemed or construed at any time or for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Governing Law and Interpretation.** This FLSA Agreement shall be governed by and conformed in accordance with the laws of the State of Florida without regard to its conflicts of laws provision. In the event of a breach of any provision of this FLSA Agreement, any party may institute an action specifically to enforce any term or terms of this FLSA Agreement and/or to seek any damages for breach. Should any provision of this FLSA Agreement be declared illegal or unenforceable by any court of competent jurisdiction and not be able to be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this FLSA Agreement in full force and effect.

8. **Execution in Counterparts.** This FLSA Agreement may be executed electronically and in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic and facsimile signatures shall be deemed effective as original signatures.

9. **Amendment.** This FLSA Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this FLSA Agreement.

SPDN-868764429-2720965

10. **Execution; Court Approval.** This FLSA Agreement does not become effective unless it has been executed by both Parties and it has been approved by the Court and the Court has dismissed the Action with prejudice.

DIAZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS, HAD, OR MIGHT HAVE AGAINST DEFENDANTS UNDER THE FAIR LABOR STANDARDS ACT.

The Parties knowingly and voluntarily sign this FLSA Agreement as of the date(s) set forth below:

Date: 06/10/2020         Signature: *Sergio Diaz*
                                    Sergio Diaz (Jun 10, 2020 19:06 EDT)
                                    Sergio Diaz

Date: 6/10/20            Signature: _____
                                    Tropic Oil Company

Date: 6/10/20            Signature: _____
                                    Highlands Oil Company

Date: 6/10/20            Signature: _____
                                    Parkland Fuel Corporation